**Joseph S. Meyer, Appellant, v. Joseph Sachsel, Ap-
pellee.**

**Gen. No. 14,111.**

LANDLORD AND TENANT—*what rights acquired by assignee of
former.* An assignee of a lessor acquires only the rights of his
assignor. If rent has been paid to the lessor by the lessee in

advance prior to the divesting of the title of such lessor, a recovery of such rent cannot be had by the assignee from the lessee.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. C. M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 6, 1908.

**Statement by the Court.** This is an action in which appellant seeks to recover one month's rent for premises occupied by appellee under a written lease which had been assigned to appellant by the lessor. There is no dispute as to the amount of the rent, but it appears the defendant had paid the rent in advance for three months, including the month in controversy, to the National Insurance and Investment Company, from which he has leased the premises in question.

It appears that appellant's principal had made an agreement to sell his interest in the premises to said investment company and had conveyed to said company their "entire and exclusive control." The agreement under which the company acquired such control contained a provision in accordance with which the rights of said investment company were subject to forfeiture in case of failure on its part to make certain payments as in said agreement provided. While in possession and control of the premises under said agreement the investment company leased the same to appellee and subsequently, while still holding the lease in question, collected three months' rent in advance, as above stated, being for the months of May, June and July, 1903. After such advance payment of rent had been made the rights of the investment company acquired under the written agreements were forfeited by appellant and the investment company—the lessor—assigned in May, 1903, to appellant all its rights, title and interest in the lease. Appellant thereupon, on the first of the following month—June, 1903—demanded of appellee the rent for that month. Appellee refused to pay the rent a second time. Ap-

pellant thereupon brought this suit, and from an adverse judgment prosecutes this appeal.

A. W. BRICKWOOD, for appellant.

EDWARD U. FLIEHMANN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the court erred in excluding certain evidence sought to be introduced, and that payment of three months' rent by appellee. to the lessor in advance on April 30, 1903, was made by appellee at his peril and not in the regular course of business.

The evidence, the exclusion of which appellant complains of, consisted of the original lease under which appellant's principal held title, the agreements made by him with the National Insurance and Investment Company under which the latter acquired the "entire and exclusive control of said premises" which it exercised at the time it made the lease to appellee, and evidence that the said investment company had made default and had surrendered its rights under its agreement with appellant's principal. We find no error in the exclusion of this evidence. It had no bearing upon the only question at issue. Appellant recognizes the lease to appellee made to the latter by the investment company as in full force and effect and is endeavoring to collect the rent under its provisions. Appellee does not dispute appellant's right to the lease as assignee of the investment company, the lessor. The lease itself was introduced in evidence in behalf of the appellant, and shows that it was assigned to appellant May 5, 1903. It appears that appellee paid directly to appellant the rent due under the lease for the month of August, 1903. Both parties therefore recognize the lease as in force. Their respective rights and obligations are governed by the lease. We find no error in the exclusion of the evidence referred to.

It is further contended in behalf of appellant that payment of the rent in advance was not made in fulfilment of the 'covenant to pay rent, but was a mere advance to the landlord on an implied condition that he remain entitled to the rent under the lease until the day when payment should become due, and that appellee made such advance payment at his peril, with knowledge, express or implied, that his lessor's right to the premises was limited. It is not disputed that the lessor had a right to make the lease as he did at the time it was made, but it is claimed that when the forfeiture of the rights of the investment company occurred all subsequently accruing rent became vested in appellant ''as completely as the title to the premises.'' Appellant, however, as we have said, acquired possession of and title to the lease by virtue of an assignment to him made by the lessor. As such assignee he acquired by the assignment only the rights of his assignor. It would not be contended that the lessor could collect double rent. His assignee acquired no greater right.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*